UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYRELL BLOCKER,

                      Plaintiff,                    14-cv-7215 (PKC)

    -against-                                 MEMORANDUM
                                                    AND ORDER

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, WARDEN
OF ANNA M. KROSS CENTER, and C.O.
TAVERAS (SHIELD #7037),

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Tyrell Blocker brings this action against the City of New York ("the City"), the New York City Department of Correction ("DOC"), the Warden of the Anna M. Kross Center ("AMKC"), and Corrections Officer Taveras. He alleges that, while incarcerated at the AMKC, a correctional facility located on Rikers Island, he was prevented from observing Ramadan and was issued a "false" infraction. The defendants now move to dismiss the complaint. For the following reasons, the motion is granted.

BACKGROUND

        The following facts are taken from the complaint, and accepted as true for the purposes of this motion. On July 15, 2014, at approximately 8:50 p.m., Blocker was told that he could no longer participate in Ramadan services. (Compl. ¶ II.D.) Three days later, Taveras issued him an infraction, the report of which is attached to the complaint. (Dkt. No. 1-1.) The report states that Blocker was "being disruptive during the prayer services" and "was escorted

Mailed to plaintiff, 7/1/2015

out of the area," at the request of the Imam. (Id.) Blocker alleges that the infraction was later dismissed. (Compl. ¶ II.D.) He also claims that he was unable to fast during Ramadan. (Id.) He seeks $10,000 in damages for the "duress and mental anguish" caused by the denial of his constitutional rights. (Compl. ¶¶ III, V.)

Blocker states that he grieved Taveras's issuance of a "false" infraction and/or his exclusion from prayer services, but received no response. (Compl. ¶ IV.E.) He alleges that he appealed his grievance through DOC's grievance procedure (id.), and attaches three such appeals to his complaint. (Compl. pp. 8–10.) He then filed this action on September 2, 2014. The defendants moved to dismiss on March 30, 2015. (Dkt. No. 18.) Blocker has not filed an opposition to the motion, and has not returned a change of address form sent to him by the Court on May 8.

LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. In assessing the complaint, the district court must draw all reasonable inferences in favor of the non-movant. In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action," however, are not entitled to any presumption of truth. Iqbal, 556 U.S. at 678.

Courts have a duty to construe a complaint filed by a pro se plaintiff liberally, conducting their examination with "special solicitude [and] interpreting the complaint to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42. U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Furthermore, "[s]ection 1997e(a) requires 'proper exhaustion'—that is, 'using all steps that the agency holds out, and doing so properly.'" Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011) (quoting Woodford v. Ngo, 548 U.S. 81, 90 (2006)). Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 549 U.S. 199, 216 (2007), if the failure to exhaust "is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted." McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

DOC provides a multi-step Inmate Grievance Resolution Program ("IGRP"), and the failure to make use of the IGRP constitutes failure to exhaust under the PLRA.[1]  See, e.g.,

---

[1] The Court takes judicial notice of the IGRP, as courts in this district have regularly done.  See Myers v. City of N.Y., 11 Civ. 8525(PAE), 2012 WL 3776707, at *4 n.6 (S.D.N.Y. Aug. 29, 2012) (collecting cases).  The IGRP can be found on the DOC's website.  See N.Y. City Dep't of Correction, Directive 3376 (effective Sept. 10, 2012), available at http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

Tavares v. N.Y.C. Health & Hosps. Corp., No. 13-cv-3148(PKC)(MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015).  Claims under the Free Exercise Clause of the First Amendment such as Blocker's are covered by the IGRP.  See, e.g., Leach v. N.Y.C., No. 12 Civ. 3809(PAC)(JCF), 2013 WL 3984996, at *1–2 (S.D.N.Y. Aug. 2, 2013) (adopting Magistrate Judge's report and recommendation).  The IGRP requires inmates to exhaust the following four steps before filing a complaint in federal court: (1) an informal resolution by the IGRC, (2) a formal hearing before the IGRC, (3) an appeal to the commanding officer of the correctional facility, and (4) an appeal to the DOC Central Office Review Committee ("CORC").  IGRP § IV(G)–(J).  At each of steps (1) through (3), the correctional facility has five business days to respond to the inmate's grievance or appeal.  Id. §§ IV(G)(1), (H)(1), (I)(2).  At step (4), the CORC has ten business days to render an informal decision or fifteen business days to render a formal decisions.  Id. § IV(J)(5).  If the inmate does not receive a timely disposition at any step of the IGRP process, he may proceed to the next step.  Id. § IV(D)(10)(a).

    The defendants argue that the appeal forms attached to the complaint demonstrate Blocker's failure properly to exhaust his remedies under the IGRP, and the Court agrees.  The forms show that Blocker followed the IGRP steps out of order: he appealed to the Warden on July 18, then to the formal IGRC committee on July 21, and then to the CORC on July 25.  (Compl. pp. 8–10.)  Further, Blocker did not wait the requisite five days between IGRP steps.  This is partially explained by the forms themselves, which do not appear to have been updated to reflect the latest version of the IGRP and give the deadlines from the previous version.  (See Compl. pp. 8, 10 (referring to "Directive 3375R," the version of the IGRP in effect before 2012).)  The CORC appeal form, for instance, provides a box for the inmate to check if it has been more than <u>seven</u> working days since he submitted his grievance to the Warden.  (Compl. p.

10.)  Even measured by the language of the forms, however, Blocker did not properly comply: he submitted his appeal to CORC exactly seven days after submitting his appeal to the Warden, and not seven "working" (i.e., business) days, as required by the form.

The Second Circuit has held that an inmate's failure properly to exhaust administrative remedies may be excused when it is based on "a reasonable interpretation of prison grievance regulations."  Hemphill v. New York, 380 F.3d 680, 690 (2d Cir. 2004).  If Blocker had followed the deadlines given on the forms, rather than the deadlines provided by the latest version of the IGRP, his timing failure would likely have been excused by this Court.  Here, however, Blocker did not follow the reasonable and logical IGRP sequential steps.  The Warden could not reasonably consider an appeal of a decision of the IGRC Committee when the IGRC Committee had not yet received the grievance; nor, then, could the CORC consider an appeal of the Warden's decision at the next step.  Further, Blocker did not comply with either the deadlines given on the forms or the deadlines provided by the current IGRP.  Accordingly, his claim is not exhausted, his failure to exhaust is not excused, and his claim is barred by the PLRA.

CONCLUSION

For the foregoing reasons, the defendants' motion is GRANTED.  The Clerk is directed to close the case.

Counsel for the defendants shall provide Blocker with copies of all unreported decisions cited herein.

- 6 -

        The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

                                                    _____
                                                         P. Kevin Castel
                                                     United States District Judge

Dated: New York, New York
       July 1, 2015